UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROGER SMITH,

       Plaintiff,

   v.

DAVIS, et al.,

       Defendants.

Case No. 16-cv-00698-JST (PR)

**ORDER OF SERVICE**

Plaintiff, a California prisoner incarcerated at the California Correctional Institution and proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 alleging constitutional violations at San Quentin State Prison ("SQSP"), where he was previously incarcerated. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted).  Although a complaint "does not need detailed factual allegations [in order to state a claim], . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff alleges that SQSP defendants Warden Ronald Davis and Lieutenant Jackson, knowing that plaintiff was vulnerable to enemy attack, placed him in the SQSP general population, where plaintiff was thereafter assaulted by another inmate.  When liberally construed, the complaint states a cognizable Eighth Amendment claim for deliberate indifference to safety under § 1983.[1]

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Docket No. 1), and a copy of this order upon **Warden Ronald Davis** and **Lt. Jackson** at **San Quentin State Prison**.

---

[1] Plaintiff also filed an amended complaint on March 23, 2016 (dkt. no. 5). However, the amended complaint is missing pages from the court's civil rights complaint form and is not signed.  In any event, it does not appear to assert additional claims beyond those alleged in the original complaint.  Accordingly, the original complaint (dkt. no. 1), is the operative complaint herein.

2

1   The Clerk shall also mail a courtesy copy of the complaint and this order to the California

2   Attorney General's Office.

3       2.    In order to expedite the resolution of this case, the Court orders as follows:

4           a.    No later than **91 days** from the date this Order is filed, defendants must file

5   and serve a motion for summary judgment or other dispositive motion.  If defendants are of the

6   opinion that this case cannot be resolved by summary judgment, defendants must so inform the

7   Court prior to the date the motion is due.  A motion for summary judgment also must be

8   accompanied by a Rand notice so that plaintiff will have fair, timely, and adequate notice of what

9   is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 939 (9th Cir.

10  2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be

11  served concurrently with motion for summary judgment).  A motion to dismiss for failure to

12  exhaust available administrative remedies similarly must be accompanied by a Wyatt notice.

13  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

14          b.    Plaintiff's opposition to the summary judgment or other dispositive motion

15  must be filed with the Court and served upon defendants no later than **28 days** from the date the

16  motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

17  provided later in this order as he prepares his opposition to any motion for summary judgment.

18  Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-

19  exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

20          c.    Defendants **shall** file a reply brief no later than **14 days** after the date the

21  opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

22  hearing will be held on the motion.

23      3.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the

24  Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

25  do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

26  granted when there is no genuine issue of material fact – that is, if there is no real dispute about

27  any fact that would affect the result of your case, the party who asked for summary judgment is

28  entitled to judgment as a matter of law, which will end your case.  When a party you are suing

makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 939).

4.  All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6.  Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

1 to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
2 pending case every time he is moved to a new facility.

3      7. Any motion for an extension of time must be filed no later than the deadline sought
4 to be extended and must be accompanied by a showing of good cause.

5      8. Plaintiff is cautioned that he must include the case name and case number for this
6 case on any document he submits to the Court for consideration in this case.

7 IT IS SO ORDERED.

8 Dated: July 21, 2016

                                                JON S. TIGAR
                                              United States District Judge